35 C.C.A. (Patents)

**Application of GOLDBERG.**

**Patent Appeal No. 5459.**

Court of Customs and Patent Appeals.

May 4, 1948.

Smith, Olsen & Baird, of Chicago, Ill. (Glen E. Smith, of Chicago, Ill., and Stephen W. Blore, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C.,

of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 7, 12, 14 to 19, inclusive, 21, 22, 24, 25, 27, and 28 in appellant's application for a patent for an invention relating to a drilling machine. Claim 20 was allowed by the Primary Examiner, and claims 23 and 29 were allowed by the Board of Appeals.

Counsel for appellant moved to dismiss the appeal as to claim 18. The motion will be granted.

Claims 7, 14, 17, 21, and 27, which are representative of the appealed claims, are as follows:

"7. The combination in a machine of the class described, of a rotatable tool, means for rotating said tool, means for moving said tool axially, and means for gradually trapping a quantity of liquid to control the axial movement of said tool."

"14. The combination in a machine of the class described, of a rotatable tool, a pressure platen carrying said tool, means for rotating said tool, means for moving said pressure platen and said tool along the axis of the tool toward and from the work, dashpot mechanism occupying normally an inoperative position, means actuated by the movement of said pressure platen for operating said dashpot mechanism to effect a progressively increasing retardation of the movement of said pressure platen when said tool reaches a predetermined position, and means operated by said pressure platen upon movement thereof away from said work for restoring said dashpot mechanism to said inoperative position."

"17. The combination in a machine of the class described, of a cylinder block, a pressure platen slidably mounted in said block, a rotatable tool carried by said pressure platen, said block having a cylinder formed therein, a piston mounted in said cylinder and connected to said pressure platen, means for admitting compressed air to said cylinder to move said pressure platen and said tool along the axis of said tool toward the work, dashpot mechanism carried by said cylinder block, an actuating member associated with said dashpot mechanism, and means carried by said pressure platen for operating said actuating member to cause said dashpot mechanism to retard and then arrest the movement of said pressure platen when said tool reaches the end of its stroke."

"21. The combination in a machine of the class described, of a rotatable tool, means for rotating said tool, compressed air operated means for moving said tool with a yielding pressure axially toward the work and through the work, additional means for automatically retarding and then arresting said axial movement of said tool after a predetermined movement thereof through the work, and compressed air operated means for retracting said tool from the work and for normally holding it in a retracted position."

"27. The combination in a machine of the class described, of a rotatable tool, means for rotating said tool, means for moving said tool with a yielding pressure, and means for automatically effecting a gradual and progressively increasing retardation of the axial movement of said tool after a predetermined movement thereof."

The references relied on are:
Hunt, 1,812,533, June 30, 1931.
Dumser et al., 1,942,414, January 9, 1934.
Sawyer, 1,977,490, October 16, 1934.
Kingsbury, 1,998,873, April 23, 1935.

Appellant's application discloses a drilling machine in which the drill is moved axially toward and from the work by pneumatic means including a piston and cylinder. A constantly applied low air pressure is supplied to one side of the piston which tends to move the drill away from the work, and movement of the drill toward the work is effected by applying a higher air pressure to the opposite side of the piston. In order to retard the axial movement of the drill as it is about to emerge from the work, a dashpot, that is, a piston and a cylinder, is provided which com-

prises a well containing a liquid and having an upwardly flared wall and a cylindrical plunger which is movable downwardly into the well. The plunger is moved downwardly at the appropriate time by a member connected with the head on which the drill is mounted and, as the plunger moves into the well, the passage of liquid upwardly around the plunger is gradually restricted so that an increasing resistance is offered to the movement of the plunger and hence to the movement of the drill head. When the plunger reaches the portion of the well having the same diameter as that of the plunger, the movement of the plunger, and hence of the drill head, is arrested.

The patent to Dumser et al. discloses a milling machine in which a tool is mounted on a head which is movable toward and from the work by a pneumatic piston and cylinder. When the tool is about to encounter the work, a rod, which is movable with the tool head, engages the top of a piston which is mounted in a cylinder containing a body of liquid. The piston is urged toward the top of the cylinder by a coil spring which is compressed between the bottom of the piston and the bottom of the cylinder. As the rod, movable with the tool head, engages the top of the piston, the piston is forced downwardly against the action of the spring and the liquid is forced from the cylinder into a closed reservoir, where it is maintained under pressure. The passage between the cylinder and reservoir is restricted, so that the liquid in the cylinder offers a high resistance to the movement of the tool head, resulting in a much slower movement of the head and tool. In the patentees' disclosure, the movement of the tool head is transverse to the action on which the tool rotates.

The patents to Kingsbury and Hunt were cited to show that it was old in the art to move the drill head axially of the drill, instead of transversely thereof, as in the Dumser et al. device.

The patent to Sawyer discloses a drill mounted on a head which is movable toward and from the work by a hydraulic piston and cylinder. When the tool is to be moved toward the work, liquid under high pressure is applied to the upper side of the piston. The space in the cylinder below the piston is full of liquid and, as the piston moves downwardly, the liquid is forced out. During the period before the drill reaches the work, the escape pipe from the lower end of the cylinder is wide open. When the drill engages the work, a valve in the escape pipe is closed and the liquid is forced to pass through a restricted by-pass pipe around the valve. As a result, the piston and the drill head move more slowly. When the drill is about to emerge from the work, a rod movable with the drill head trips a valve in the by-pass pipe, which restricts the passage through that pipe, thus further reducing the speed of the tool.

Claims 7 and 12 were rejected on the disclosure in the patent to Dumser et al. Those claims provide that the machine tool is moved axially of the work, whereas in the Dumser et al. device, the tool is moved transversely of its axis, but this difference is clearly not a patentable distinction, since it depends merely upon whether the tool is a drill or a milling cutter. The patent to Hunt shows it to be old to move the drill axially toward and from the work.

It is urged by counsel for appellant that the patent to Dumser et al. does not disclose means for gradually trapping liquid to control the movement of the tool. However, in the patentees' device the liquid escaping from the cylinder passes gradually into a closed chamber, which is a trap within the ordinary meaning of that term, and this action may properly be called a gradual trapping. It is not necessary that the opening into the trap shall be gradually closed, as is the case in appellant's device. Claims 7 and 12, therefore, were properly rejected on the disclosure in the patent to Dumser et al.

Claim 14 was also rejected on the disclosure in the Dumser et al. patent. That claim is generally similar to claims 7 and 12. Claim 14 calls for dashpot mechanism, but the piston and cylinder arrangement of the Dumser et al. patent clearly responds to the language of claim 14. Claim 14 also provides that the dashpot mechanism effects a progressively increasing retarda-

tion of the movement of the tool head (pressure platen). That result is inherent in the operation of the Dumser et al. device, since the coil spring beneath the piston will be progressively compressed as the tool head moves downwardly and will, therefore, exert a progressively increasing resistance to such movement. Counsel for appellant argues that the spring in the Dumser et al. patent offers a small resistance as compared with the liquid beneath the piston. However, claim 14 is silent as to both the amount of resistance offered and the rate at which the retardation of the tool head increases, and, accordingly, does not distinguish in those respects from the disclosure in the Dumser et al. device. Claim 14, therefore, was properly rejected on the patent to Dumser et al.

Counsel for appellant alleges that the patent to Dumser et al. does not disclose a dashpot mechanism "because there is no trapping of any fluid." As pointed out in connection with claim 7, the feeding of liquid from the cylinder in the disclosure in the patent to Dumser et al. into the closed chamber is considered a trapping. No authority has been cited which would justify a holding that the trapping of liquid is a necessary feature of dashpot mechanisms.

Claim 15 is similar to claim 14 and is unpatentable over the disclosure in the patent to Dumser et al. for reasons similar to those stated in connection with claim 14. It is contended by counsel for appellant that the rejection of that claim on the patent to Dumser et al. involves a double recitation of the spring as both a means for effecting progressively increasing retardation and a means for restoring the dashpot mechanism. However, the claim does not positively recite a means for progressively increasing retardation. Moreover, the mere use of two separate elements for performing functions which in the prior art have been performed by a single element, does not ordinarily amount to invention.

■ Claim 16 is also similar to claim 14 and was similarly rejected on the patent to Dumser et al. That claim contains the statement that the compressed air in the cylinder which moves the tool head is "adapted to be further compressed upon engagement of the tool with the work." This is a purely functional expression and hence cannot render the claim patentable. See General Electric Co. v. Wabash Appliance Corp. et al., 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402. Moreover, the air in the pneumatic cylinder, disclosed in the patent to Dumser et al., is necessarily further compressed when the tool engages the work, since a greater force must be applied by the piston for moving the tool through the work. We are of opinion that claim 16 was properly rejected on the patent to Dumser et al.

■ Claims 17 and 19 call for an arrangement in which the dashpot mechanism will "retard and then arrest" the movement of the tool head. Those claims have been rejected on either the patent to Dumser et al. or the patent to Sawyer. However, neither of those patents shows an arrangement in which the dashpot mechanism serves to arrest the movement of the tool head. We are of opinion, therefore, that claims 17 and 19 are patentable over the references cited against them.

Claims 21 and 22 have been rejected as unpatentable over the disclosure in the patent to Sawyer. Those claims call for pneumatic operation whereas Sawyer's tool head is moved hydraulically. That arrangement, we think, is merely a matter of choice. Pneumatic operation of tool heads is old, as shown, for example, in the patent to Hunt, and that type of operation could readily be used in the patentee Sawyer's system without the exercise of invention. Although those claims call broadly for means for automatically retarding and then arresting the movement of the tool, they do not state that such means is a dashpot mechanism, or that it is a single means. The language used is broad enough to cover an arrangement in which one means retards the movement and another arrests it. We are of opinion that the addition to the disclosure in the patent to Sawyer of *some means* for automatically arresting the tool movement at a desired point would not involve invention. Claims 21 and 22, therefore, were properly rejected on the patent to Sawyer.

Claims 24 and 25 are similar to claims 21 and 22, although they contain the additional statement that the air in the cylinder increases in pressure when the tool encounters the work. A similar limitation is called for in claim 16. For reasons hereinbefore stated in our discussion of claim 16, we hold that the references to increased pressure called for by claims 24 and 25, do not render those claims patentable.

Claims 27 and 28 were rejected on the disclosure in the patent to Dumser et al. Those claims are similar to claim 14 and, for the reasons hereinbefore stated in connection with claim 14, we are of opinion that claims 27 and 28 were properly rejected.

The appeal, as to claim 18, is dismissed.

For the reasons hereinbefore stated, the decision of the Board of Appeals is modified, being affirmed as to claims 7, 12, 14, 15, 16, 21, 22, 24, 25, 27, and 28, and reversed as to claims 17 and 19.

Modified.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.